22-cv-6092-FPG

Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

*FILED MAY 19 2022 — MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY*

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the INTERNET. See Pro Se Privacy Notice for further information.

## 1. CAPTION OF ACTION

**A.   Full Name And Prisoner Number of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Lawrence Perez, DIN # 08-A-4578
2. Et Alia: Other Prisoners Similarly Situated

-VS-

**B.   Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Janice Jones
2. 
3. 
4. 
5. 
6. 

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Lawrence Perez, DIN # 08-A-4578
Present Place of Confinement & Address: Wende Correctional Facility, 3040 Wende Road, P.O. Box #1187, Alden, New York 14004-1187

Name and Prisoner Number of Plaintiff: _____
Present Place of Confinement & Address: _____

DEFENDANT'S INFORMATION NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Janice Jones
(If applicable) Official Position of Defendant: NYS Dept. of Corr., Central Office - Guidance
(If applicable) Defendant is Sued in _____ Individual and/or __X__ Official Capacity
Address of Defendant: Department of Corrections and Community Services, 1220 Washington Avenue, Albany, New York 12226

Name of Defendant:_____
(If applicable) Official Position of Defendant:_____
(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity
Address of Defendant:_____

Name of Defendant:_____
(If applicable) Official Position of Defendant:_____
(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity
Address of Defendant:_____

## 4. PREVIOUS LAWSUITS IN STATE _____ COURT

A. Have you begun any other lawsuits in state _____ court dealing with the same facts involved in this action?
Yes _X_  No ___

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:
   Plaintiff(s): Lawrence Perez, DIN # 08-A-4578
   Defendant(s): Anthony Annucci - Acting Commissioner of NYS DOCCS

2. Court (if federal court, name the district; if state court, name the county): Supreme Court of Wyoming County, New York

3. Index Number: 22,013-18

4. Name of Judge to whom case was assigned: Michael Mohun

5. The approximate date the action was filed: **December 6, 2018**

6. What was the disposition of the case?

   Is it still pending? Yes____ No **X**

   If not, give the approximate date it was resolved. **May 22nd, 2018 – Appeal denied**

   Disposition (check the statements which apply):

   ____ Dismissed (check the box which indicates why it was dismissed):

   ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

   ____ By court for failure to exhaust administrative remedies;

   ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

   ____ By court due to your voluntary withdrawal of claim;

   **X** Judgment upon motion or after trial entered for

   ____ plaintiff

   **X** defendant.

B. Have you begun **any other lawsuits** in federal court which relate to your **imprisonment**?

   Yes____ No **X**

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s):_____

   _____

   Defendant(s):_____

   _____

2. District Court:_____

3. Docket Number:_____

4. Name of District or Magistrate Judge to whom case was assigned:_____

   _____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

   Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

___ Dismissed (check the box which indicates why it was dismissed):

    ___ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    ___ By court for failure to exhaust administrative remedies;

    ___ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    ___ By court due to your voluntary withdrawal of claim;

___ Judgment upon motion or after trial entered for

    ___ plaintiff

    ___ defendant.

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You must include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

A. **FIRST CLAIM:** On (date of the incident) March 26th, 2019 ; January 5th, 2012,
defendant (give the **name and position held** of <u>each defendant</u> involved in this incident) Janice Jones

did the following to me (briefly state what each defendant named above did): please see attached

The constitutional basis for this claim under 42 U.S.C. § 1983 is: XIV Amendment: Petitioner was not afforded adequate due process (substantive & procedural), and denied equal protection of law.
The relief I am seeking for this claim is (briefly state the relief sought): Both injunctive and declaratory relief: that defendant recind the previous determination - labeling petitioner a sex offender and the assment of need for said program; that prisoners similarly situated be afforded an adversarial hearing w/ notice.

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _X_ Yes  ___ No   If yes, what was the result? Denied: Dept. of Corr. has broad authority to assign programs and classifing prisoners for treatment.
Did you appeal that decision? _X_ Yes  ___ No   If yes, what was the result? Denied: the program was statutorily authorized and appropriate according to court records.

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: In addition to the grievance procedure, petitioner addressed issues w/ Central office staff directly via correspondence; filed an Art. § 78 proceeding aswell.

A. **SECOND CLAIM:** On (date of the incident) _____,
defendant (give the **name and position held** of <u>each defendant</u> involved in this incident) _____

5

<u>LAWRENCE PEREZ V JONES</u>, 22-CV-6092-FPG

Argument 1: Due Process Violation under the 14th Amendment:

    On January 5th, 2012, petitioner was assessed as having a need for sex offender programming without a hearing, and in violation of clearly established New York State's statutory law, regulations, and guidelines intended to limit the arbitrary discretion of defendant Jones in labeling prisoners as sex offenders, and requiring their participation in a behavioral modification program in the treatment of sex offenders; of which, a refusal, or determination of inadequate participation would affect certain liberty interests such as: eligibility for parole, recommended loss of any good time, or any other such earned eligibility for release. Furthermore, said classification and labeling has stigmatized petitioner during his incarceration, and would further stigmatize him upon his release into the community. Due to these factors, petitioner has suffered an atypical and significant hardship since the average prisoner enjoys the expectation of not being labeled as a sex offender, or being subject to the restrictions associated with the treatment of sex offenders in prison, without the minimal standards of due process, including: adequate notice of facts or circumstances which might be used in such a determination; that a determination is taking place as to the application of said label, classification, and program placement, and; that an adversarial process would take place - prior to said determinations - where prisoners could offer proof and challenge the State's evidence.

    In the case of the petitioner, Mr. Perez has never been convicted of any sex offense, nor has the State accused him of any similar conduct in an adversarial proceeding. Instead, defendant Jones made a determination based on conduct appearing in Mr. Perez's pre-sentence investigation report (PSR), which she herself has determined would have a sexual basis.

However, the authority cited by defendant Jones, and the State's attorneys, was primarily misconstrued, in that a determination based on facts garnered from a PSR first requires that, "[t]he offender's instant offense *is a guilty plea* to a non-sex crime, ..." before any consideration as to any "evidence in the pre-sentence investigation report or other related documents that behavior of a sexual nature occurred in the commitment of the crime ...." (New York State Department of Corrections and Community Supervision Sex Offender Counseling and Treatment Program Offender Orientation Handbook, page 10: Program Eligibility, [criteria 3]; emphasis my own).

Moreover, the conduct referred to in the PSR was improperly determined as "sexual in nature" by defendant Jones, in violation of the statutes established by the state's legislature which clearly defines such acts to be performed "in whole or in substantial part for the purpose of direct sexual gratification of the actor," (accord the Mental Hygiene Law § 10.03[f] and [p]). Furthermore, New York State's Corrections Law § 622(5) mandates the Office of Mental Health make such assessments and determinations in accordance with the above definition in order to determine if the acts considered were "sexually motivated." Defendant Jones does not work for Office of Mental Health, and no such assessment has been made by that Department in this case.

In reference to the above guilty plea requirement, before uncharged sexually related acts be considered for sex offender programming, the legislature clearly intended this clause as a limiting factor on disputed facts. Petitioner was found guilty of a non-sex crime, and at that time, the conduct now alleged by the Department of Correction was not suggested to be sexual in nature. Even then, Petitioner contested these facts, and the court made note of his exception immediately following those disputed facts, as memorialized in the pre-sentence investigation report.

The New York State legislature furthermore intended that a qualified expert in the Office of Mental Health, make assessments in order to garner a complete, learned opinion, as to the

designation and needs of such candidate. Thus, the framers of these laws recognized a compelling state interest in not only giving its prisoners adequate rehabilitative treatment, but also, that its resources not be wasted on candidates improperly screened, and who do not have such a need.

Because the State affords a predicate to govern official decision making in this context -- according to the above statutes and guidelines -- the State has created a liberty interest which has been eschewed by the Defendant. Furthermore, the authority cited by the State in previous litigation herein, is clearly overbroad, in that the State has asserted it has unfettered discretion to assign programs, and make determination as to classification. Since the classification of being a sex offender is precisely the type of atypical and significant hardship on prisoners, in relation to the ordinary incidents of prison life, the Supreme Court has created a liberty interest according to *Sandin v. Conner*.

Furthermore, Defendant Jones' determination is in contrast to her earlier finding -- dated May 14, 2010 (Exhibit C), stating Petitioner had no need for sex offender programming unless "new sexual offending behavior present[s] itself, please resubmit with appropriate document for consideration." Her later determination, dated January 5, 2012, based upon the same facts, is the very definition of arbitrary and capricious. Petitioner was not made aware of the 2012 determination until 2018, but more importantly, the contradictory 2010 determination was only revealed on discovery in the Article § 78 proceeding. Thus, Petitioner was not afforded adequate notice the State intended to classify him as a sex offender until six years after the determination was made, and afforded him no adversarial process -- at any time -- in order to challenge the facts underlying its finding. Accordingly, petitioner is distinguished from other prisoners who have been convicted on sex related crimes, or have had uncharged acts of a sexual nature introduced against them in a proceeding which would give adequate notice in order to challenge those facts. As such,

Defendant Jones' independent and sub-rosa determination denied Petitioner an adequate process to challenge her finding, which itself violated the laws and normal standards enjoyed by other prisoners and citizens of this State. (See Exhibit L, Common Law Decision of the Albany Superior Court, April 1, 2015, Index No. 3698-14, where petitioner Owens similarly situated, was found not to need sex offender treatment or classification where Department of Corrections did not follow the Corrections Law § 137[1] mandate that Office of Mental Health staff make such assessments and identify needs for sex offender programming).

did the following to me (briefly state what each defendant named above did): _____

_____

_____

_____

_____

_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____

_____

The relief I am seeking for this claim is (briefly state the relief sought): _____

_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? \_\_\_\_\_ Yes \_\_\_\_\_ No   If yes, what was the result? _____

_____

Did you appeal that decision? \_\_\_\_\_ Yes \_\_\_\_\_ No   If yes, what was the result? _____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Both injunctive and declaratory relief: that central office staff be precluded from making determinations/assesments as to sex offender status/labeling, absent the assesment and/or referal by the Office of mental Health — as required by statute —; that said Officials conform to the confines placed upon them by the legislature and, furthermore; that prisoners so classified be provided an adversarial process, with adequate notice, as the dictates of fairness require.

Do you want a jury trial? Yes \_\_\_\_  No X

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___May 16 2022___
(date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_Lawrence Perez_ (signature)

Signature(s) of Plaintiff(s)